**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| YVONNE EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | No. |
| | ) | |
| UNIVERSITY OF CHICAGO HOSPITAL | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, YVONNE EDWARDS, by and through her attorneys, the Law Offices of Eugene K. Hollander, and for her Complaint At Law, states as follows:

## JURISDICTION

1.      This is a suit in equity authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.  Jurisdiction of this court is based upon a federal question, 28 U.S.C. § 1331.  The Jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. § 12101 *et seq.*, providing for declaratory, injunctive and other relief against discrimination in employment based upon disability.

2.      Venue in this district is proper under 28 U.S.C. Sec.1391 (B).   The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

3.      All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

a. A charge of employment of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"), by Plaintiff YVONNE EDWARDS ("EDWARDS") on June 11, 2009, a copy of which is attached hereto as **Exhibit 1.**

b. EDWARDS was issued a notice of right to sue by the EEOC on April 2, 2018 a copy of which is attached hereto as **Exhibit 2**.

c. A charge of employment of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"), by Plaintiff YVONNE EDWARDS ("EDWARDS") on July 15, 2009, a copy of which is attached hereto as **Exhibit 3.**

d. EDWARDS was issued a notice of right to sue by the EEOC on April 2, 2018 a copy of which is attached hereto as **Exhibit 4**.

## PARTIES

4. EDWARDS is a citizen of the United States and the State of Illinois and resides in Chicago, Cook County, Illinois.

5. EDWARDS was a member of the protected class when the unlawful employment practices occurred. EDWARDS suffers from Systemic Lupus. She was and is substantially limited in one or more major life activities, including, but not limited to: working, taking caring of herself, performing manual tasks, sleeping, walking, standing, lifting, reading, concentrating, thinking and communicating.

6. UNIVERSITY OF CHICAGO HOSPITAL is a hospital and provides health care services to individuals in the metropolitan Chicago area.

7. UNIVERSITY OF CHICAGO HOSPITAL is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

8. UNIVERSITY OF CHICAGO HOSPITAL is an employer within the meaning of 29 U.S.C. Sec. 630 (B), 29 U.S.C. § 2611.

## BACKGROUND FACTS

9.     EDWARDS began her employment with Defendant in June 20, 1988 as a Radiology Technician.

10.     Throughout her employment with Defendant, up to and through EDWARDS's discharge, EDWARDS performed according to Defendant's legitimate expectations.

11.     On September 19, 2008, EDWARDS had requested a reasonable accommodation to work in a lower volume setting.

12.     Defendant refused to accommodate EDWARDS and on September 19, 2008, Defendant refused to return EDWARDS to work.

13.     EDWARDS subsequently went on disability leave.

14.     On June 22, 2009, Plaintiff returned from disability leave and was denied a reasonable accommodation.

15.     Defendant subsequently discharged EDWARDS from its employment on June 25, 2009.

## COUNT I -
## ALLEGATIONS OF DISCRIMINATION BASED UPON ADA – TERMINATION

16.     EDWARDS reincorporates and realleges paragraphs 1 through 15 as though more fully set forth herein.

17.     EDWARDS was and is a member of a protected class in that she suffered and continues to suffer from a disability, Systemic Lupus.

18.     Defendant, in violation of the provisions of 42 U.S.C. Sec. 12101 *et. seq.*, has denied and continue to deny EDWARDS an equal opportunity for employment, because of disability.

19.     When she was terminated, EDWARDS was subjected to disability discrimination in that there was a double standard set up between disabled employees and non-disabled employees not included within the protected class. Plaintiff's non-disabled counterparts were not subjected to the discriminatory treatment that Plaintiff was subjected to.

20.     Disability was a determining factor in Plaintiff's discriminatory treatment and termination. But for Plaintiff's disability, she would not have been terminated. Defendant knew that the discriminatory termination of Plaintiff because of her disability was in violation of the ADA.

21.     The unlawful employment practices alleged herein were committed within the State of Illinois.

22.     In terminating EDWARDS, Defendant wrongfully discriminated against her because of her disability and in violation of the ADA, 42 U.S.C. Sec. 12112 (A).

23.     In terminating EDWARDS, Defendant maliciously and/or recklessly violated the ADA.

24.     Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

25.     As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

26.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, YVONNE EDWARDS, respectfully prays that this Honorable Court:

1.      Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Americans with Disabilities Act;

2.      Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3.      Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of disability;

4.      Immediately assign Plaintiff to that job she would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of Defendant, or, if this is impossible, award Plaintiff front-end pay;

5.      Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the discriminatory practices of Defendant;

6.      Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7.      Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8.      Award Plaintiff punitive damages for Defendant's willful conduct; and

9.      Grant such other relief as may be just and proper.

## COUNT II - AMERICANS WITH DISABILITIES ACT: RECORD OF IMPAIRMENT – TERMINATION

27.     The Plaintiff reincorporates and realleges Paragraphs 1 through 15 as though fully set forth herein.

28.     The Plaintiff has a history of a physical impairment as defined by the ADA, 42 U.S.C. §12101, 12102 *et. seq*.

29.     The Plaintiff is a qualified individual with a disability.

30.     By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 et seq.

31.     Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

32.     As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

33.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, YVONNE EDWARDS, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job she would now be occupying but for the discriminatory practices of the Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8.      Award Plaintiff punitive damages for Defendant's willful conduct; and

9.      Grant such other relief as may be just and proper.

## COUNT III:  AMERICANS WITH DISABILITIES ACT
## REGARDED AS HAVING AN IMPAIRMENT - TERMINATION

34.     The Plaintiff reincorporates and realleges Paragraphs 1 through 12 of this Complaint at Law as though fully set forth herein.

35.     Plaintiff suffers from the effects of Systemic Lupus.

36.     Plaintiff was regarded as having a disability by Defendant.

37.     By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 *et. seq*.

38.     Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

39.     As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

40.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, YVONNE EDWARDS, respectfully prays that this Honorable Court:

1.      Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;

2.     Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3.     Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

4.     Immediately assign Plaintiff to that job she would now be occupying but for the discriminatory practices of the Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5.     Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received but for the discriminatory practices of Defendant;

6.     Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7.     Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8.     Award Plaintiff punitive damages for Defendant's willful conduct; and

9.     Grant such other relief as may be just and proper.

## COUNT IV –AMERICANS WITH DISABILITIES ACT –
## FAILURE TO ACCOMODATE

41.     The Plaintiff reincorporates and realleges Paragraphs 1 through 15 of this Complaint at Law as though fully set forth herein.

42.     During the course of her employment, Plaintiff made a request for a reasonable accommodation.

43.     Defendant refused to engage in the interactive process to attempt to accommodate Plaintiff.

44.     By refusing to accommodate Plaintiff, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 *et. seq*.

45.     Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

46.     As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

47.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, YVONNE EDWARDS, respectfully prays that this Honorable Court:

1.      Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;

2.       Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3.       Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

4.       Immediately assign Plaintiff to that job she would now be occupying but for the discriminatory practices of the Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5.       Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received but for the discriminatory practices of Defendant;

6.       Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7.       Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8.       Award Plaintiff punitive damages for Defendant's willful conduct; and

9.       Grant such other relief as may be just and proper.

## COUNT V – AMERICANS WITH DISABILITIES ACT - RETALIATION – DISCHARGE

48.     The Plaintiff reincorporates and realleges Paragraphs 1 through 15 of this Complaint at Law as though fully set forth herein.

49.     On June 11, 2009, Plaintiff engaged in protected activity when she filed a charge of discrimination with the EEOC, Charge No. 2009CF3879.

50.     Defendant subsequently retaliated against EDWARDS by denying her a reasonable accommodation, putting her on a performance improvement plan and discharging her from its employment.

51.     Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

52.     As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

53.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, YVONNE EDWARDS, respectfully prays that this Honorable Court:

1.     Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not retaliate on the basis of disability;

4. Immediately assign Plaintiff to that job she would now be occupying but for the retaliatory practices of the Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received but for the retaliatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

**YVONNE EDWARDS,**
**Plaintiff,**

/s/ Eugene K. Hollander
One of her attorneys

Eugene K. Hollander
ehollander@ekhlaw.com
Paul W. Ryan
pryan@ekhlaw.com
Jonathan L. Hoeven
jhoeven@ekhlaw.com
**The Law Offices of Eugene K. Hollander**
230 West Monroe Street, Suite 1900
Chicago, IL 60606
(312) 425-9100